ARNOLD J. MOUNT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9429. Promulgated March 5, 1928.

*Homer H. Tooley, C. P. A.*, for the petitioner.
*M. E. McDowell, Esq.*, for the respondent.

OPINION.

TRUSSELL: The sole issue here is a question of fact. Quite unexpectedly to him, petitioner received from a corporation, his employer, a bonus, under circumstances well calculated to impress upon him strongly the opinion that he received a gift which is not taxable income. The impression did not rest upon inference, for the deposit ticket evidencing to him the deposit of the bonus to his credit at the bank bore on it the legend "Gift authorized by Board of Directors," and he was assured by an officer of the corporation it was a gift. The formal action of the directors, however, does not evidence such an intention.

In the resolution which the directors spread upon their minutes they used the expression "That a bonus of $2,500 be paid to Mr. Mount in addition to the salary heretofore fixed by resolution of the Board." To our minds this language plainly indicates the purpose to pay to the petitioner an amount as additional compensation.

Some months later, when making the returns and reports required of it for income-tax purposes, the corporation reported compensation paid petitioner for services in an amount which included the amount of the bonus, and furthermore, the corporation claimed a deduction thereof from gross income under the classification "salaries paid." There is small wonder that the opinion of petitioner persists.

It is apparent that at the moment of parting with their associate the bank officers, or some of them, assumed an air of generous appreciation of the retiring cashier's long association with them in the banking business and that they undertook to leave upon his mind the impression that they were making him a present, but the contemporaneous record which was made a part of the minutes of the directors' meeting does not warrant any such sense of generosity but rather the acknowledgment that the petitioner's long service warranted additional compensation.

We are of the opinion that the $2,500 here in controversy was compensation and was so intended by the paying bank. The deficiency is $350.13.

*Judgment will be entered accordingly.*