WILLIS L. GAREY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23546. Promulgated April 30, 1929.

*Arthur Rothstein, Esq.*, and *Wilton J. Levitt, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MORRIS: Whether the amount of salary paid to the petitioner, pursuant to resolution of the board of directors, for the remaining portion of the taxable year subsequent to his resignation from the company, is taxable income or not, depends upon whether it was intended to be, and was in fact a gift, as the petitioner contends, or represented a payment of salary or bonus for services rendered, sa the respondent contends.

In *Noel* v. *Parrott*, 15 Fed. (2d) 669; certiorari denied, 273 U. S. 754, which was an action to recover a payment of tax made under protest, the plaintiff was on July 14, 1919, and had been for some time prior thereto, general superintendent and a member of the board of directors of the American Coal Co., a New Jersey corporation, and it appears that he continued to hold those positions until May 20, 1920; that he received an annual salary of $7,000 plus a bonus of $3,500; that on July 14, 1919, the executive committee of that company passed a resolution directing that a gratuitous appropriation, equal in amount to $3 per share on the outstanding stock of the company, be set aside out of the assets for distribution to certain officers and employees of the company, and that the executive committee be authorized to make such distribution as they deemed wise and proper. The resolution aforesaid was approved by the board of directors and the said executive committee passed a resolution directing the appropriation so authorized to be distributed, $35,000 to the plaintiff and certain other amounts to other officers and employees. Although that company had a large accumulated surplus at the time of passing those resolutions, no distribution was made pursuant thereto at that time. After the sale of that company's capital stock, with respect to which the facts and circumstances are not essential to the issue here considered, the officers of the company on May 20, 1920, distributed the fund appropriated by the executive committee on July 14, 1919, and the plaintiff received the said $35,000 appropriated to him. Thereafter, still on May 20, 1920, the plaintiff resigned, and the purchaser of the company's stock took over its management. The American Coal Co. in its income-tax return for 1920 treated and claimed the sum so distributed to the

plaintiff as a salary deduction in the computation of its net taxable income, whereas the plaintiff, on the other hand, excluded the amount from his gross income in the computation of his net taxable income for 1920. The Commissioner determined that the item of $35,000 should have been included in gross income, and upon appeal to this Board a decision was rendered against the petitioner. *John H. Parrott*, 1 B. T. A. 1. The District Court held it to be a gift and therefore not taxable, 8 Fed. (2d) 368. Upon appeal the decision of the District Court was reversed.

It will be observed that the plaintiff there, as here, contended that the amount in controversy was a gift and was, therefore, not taxable. In holding that the amount paid to the plaintiff did not constitute a gift but was taxable income within the meaning of section 213 of the Revenue Act of 1918, the court said, "A gift is a voluntary transfer of his property by one to another, without any consideration or compensation therefor." And it further said, " Although it is held that the motive accompanying a gift is not material, gifts usually proceed from the generosity of the giver; and, where there is any doubt as to the nature of the transaction, the absence of such motive is a pertinent circumstance for consideration. It is an essential characteristic of a gift, however, that it be a transfer without consideration."

Not only must the element of consideration be absent, as the court said in *Noel* v. *Parrott, supra,* in order to constitute a valid gift, but the essential elements of intention and competency of the one making the gift must be present.

As bearing upon the question of intention to make a gift, the court said in *Noel* v. *Parrott, supra,* " It nowhere appears that it was treated or referred to as a ' gift,' but, on the contrary, was claimed by the corporation as a salary deduction from its gross income in its income tax return." In the instant case the only testimony relating to the element of intention to make a gift was given by the petitioner himself, which was, in effect, that his resignation from the company was a complete severance from its service, that he was under no further obligation to perform services for it, and that the company was under no obligation to him to pay the amount which he received. In substance, what the petitioner testifies to is that there was no moral or legal obligation on the part of the company to pay him the amount in question and it, therefore, became a pure gratuity or gift. The only evidence offered by the petitioner indicating what the intention of the company was, in our opinion, clearly negatives the inference which the petitioner would have us draw from his testimony. The resolution of the board of directors voted this amount to the petitioner as a " salary " for the remainder

of the calendar year 1922. Why it did so or what it considered its obligation toward the petitioner to be, we do not know. In preparing its income-tax return for the year 1922 the company deducted the entire salary paid to the petitioner for the year 1922 under the head of "Compensation of Officers."

It will be observed that the board of directors and not the stockholders voted this payment to the petitioner. In view of the fact that the only evidence flowing from the company itself shows that the money paid the petitioner was regarded by it as a salary or compensation, it is pertinent to determine whether we should, because of the contra testimony of the petitioner, impute an intention to make a gift. Again quoting from *Noel* v. *Parrott, supra*, the court said, "It needs neither argument nor citation of authority to establish the proposition that the directors were without authority to give away the corporate assets, and that for them to make to several of their members and other persons a gift of a large sum of money from the corporate assets would be neither 'wise' nor 'proper,' and would amount to an illegal misapplication of corporate funds. We must assume that the directors did not intend such a flagrant violation of their trust."

Applying the test of competency in the light of the language just quoted, we feel that we can not impute an intention to do that which if done would constitute an illegal misapplication of corporate funds, but must assume that everything done was regular and according to law.

The petitioner attempts to distinguish *Noel* v. *Parrott, supra*, from the instant case in that there the payment under consideration was made to the plaintiff at a time when he was still associated with the company and in its employ, whereas in the instant case the payment was authorized and made after the petitioner had severed all connections with the company. We do not so read the facts as to arrive at this distinction, for the reason that it appears in that case the officers of the company on May 20, 1920, distributed the fund appropriated by the executive committee, of which sum the plaintiff received $35,000, and on the same date the plaintiff resigned. In the instant case the matter of the petitioner's resignation, its acceptance, and the voting of the money to be paid him all transpired on April 3, 1922. It is true that the money may not have been paid to the petitioner on that date, but that, however, does not give rise to the radical distinction laid down by the petitioner.

A further distinction urged by the petitioner is that the resolution of the executive committee authorized the payment to officers and employees of the company "as they deemed wise and proper," indicating that the distribution was to be made to those officers and

employees who in the past had proven themselves worthy of additional compensation. This, we consider a distinction in fact, but not in principle.

The petitioner also cites *John H. Rosseter*, 12 B. T. A. 254, which, in our opinion, is clearly distinguishable in principle from the facts in this case. There, the stockholders, by resolution, instructed the board of directors to authorize the payment of the sum of money to the taxpayer in recognition of the " able and successful direction " of the company's affairs in the past, and said resolution used the word " gift " and not " salary " or " compensation." Wherever reference is found to the payment in that case the word " gift " is used. The payment there was not charged to an expense account but was charged to surplus account indicating a payment out of capital and not out of current expenses. The payment there was not claimed as a deduction in the computation of the net income of the corporation, as was done in the instant case, but appeared in its reconciliation of changes in surplus as " bonus to J. H. Rosseter."

We are satisfied, without further review of authorities or a more detailed discussion of the question that the petitioner has wholly failed to establish that the income in controversy was a gift and, therefore, not taxable, and consequently we must approve the determination of the respondent.

*Judgment will be entered for the respondent.*