DAVID HERBERT BOTCHFORD, PETITIONER, v. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 53118.   Promulgated December 27, 1933.

*Walter E. Hettman, Esq.*, and *Kenneth N. Logan, C.P.A.*, for the
petitioner.
*Dean P. Kimball, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The respondent determined that a payment of
$30,000 made to petitioner in the year 1928 was additional compen-
sation for services rendered and found a deficiency for that year
in the amount of $5,563.05.   Petitioner contends the payment was
a gift.

For a period of 14 years prior to 1928 petitioner had been vice
president and general manager of Columbia Steel Corporation.
Prior to August 1, 1927, his salary had been $20,000 per year.   On
that date it was changed to $30,000.   In September of the same
year petitioner suffered an attack of acute neuritis and high blood
pressure.   He was confined to his bed for a time and then on advice
of his physician took a trip to Honolulu.   Not being benefited, peti-
tioner returned and later took a trip east for similar purposes.   In
the early part of December 1927 petitioner resigned his position, the
company accepting the same December 19, 1927.

On December 23, 1927, a special meeting of the executive com-
mittee of the board of directors of the Columbia Steel Corporation
was held and the following resolution adopted:

D. H. Botchford, Remuneration:
   On motion of Director Fleishhacker, seconded by Director Drum, it was
   Resolved that the Executive Committee recommend to the Board of Directors
for their approval the following settlement to be made with Mr. Botchford
upon his leaving the Company.
   That Mr. Botchford's connection with the Company cease as of December 31,
1927; that an additional year's salary be credited to Mr. Botchford, there
being charged against this amount the personal account of Mr. Botchford
with the Company, and the remaining balance to be paid to Mr. Botchford in
twelve equal monthly installments during the year 1928; and that President
Grant and Director Dall be constituted a committee of two to draft appropriate
resolutions covering this action, for consideration by the Board.

On January 16, 1928, the board of directors adopted the following
resolution:

   RESOLVED: THAT WHEREAS D. H. Botchford resigned as General Manager of
this Corporation on December 19, 1927, after having been in the service of
this Corporation and its predecessor for many years; and

WHEREAS the condition of the health of said D. H. Botchford might make it difficult for him to procure immediate remunerative employment;

RESOLVED: That this Corporation pay to J. D. Grant and C. G. Dall the sum of $30,000 less the amount of the personal indebtedness of said D. H. Botchford to this Corporation and that said J. D. Grant and C. G. Dall shall hold the sum so paid to them for the benefit of D. H. Botchford and shall be authorized to pay over said sum to him in twelve equal installments during the calendar year 1928, or at such other times or manner as said J. D. Grant and C. G. Dall shall determine.

The "personal indebtedness" of petitioner to the corporation referred to in the resolution amounted to $14,417.84. This sum was to be credited to petitioner's account and the balance of the $30,000 paid in installments. These payments were made monthly in amounts of $1,500, the final balance being $644.90, paid in December 1928.

Petitioner did not return the sums so received and credited as income. The company deducted the payment of $30,000 as an expense under the caption, "Compensation allowed D. H. Botchford for services to December 31, 1927, $30,000."

In this case there is a direct conflict between the phrasing of and the inferences and conclusions to be drawn from the official corporate records and the testimony of certain of the witnesses for petitioner. Certain key words used in the resolution, such as "remuneration", "settlement with D. H. Botchford", "additional year's salary", "pay to J. D. Grant and C. G. Dall the sum of $30,000", together with the treatment by the company of the payment as an expense deduction in its tax return, it being described as "compensation allowed D. H. Botchford for services to December 31, 1927", suggest compensation rather than a gift. These resolutions and other records were coincident in time with the payment and presumptively accurately reflect the attitude of the company. The burden was on petitioner to rebut the natural inferences thus arising. There is nothing to demonstrate that these characterizations were merely inartistic. Under the holding of the Circuit Court of Appeals for the Second Circuit, the burden was on petitioner to prove that the action of the company officials in claiming a deduction for "compensation allowed D. H. Botchford for services to December 31, 1927" was unauthorized if such be the fact, *Fisher* v. *Commissioner*, 59 Fed. (2d) 193, and no such proof was submitted.

Certain of the directors testified that they intended the payment as a "donation." Under the circumstances of the case, however, we feel constrained to hold that petitioner has not proved the respondent's determination to be in error. See *Fisher* v. *Commissioner*, *supra*.

The case differs fundamentally from *John H. Rosseter*, 12 B.T.A. 254; affd., 33 Fed. (2d) 286. In that case the payment was officially designated as a gift, both by the directors and stockholders. The

payment was charged to surplus and no deduction was claimed in the corporate tax return. Likewise, the case differs from the case of *Wilfred H. Cunningham* v. *Commissioner*, 67 Fed. (2d) 205. The court in that case held that the official characterization of the payment, in the authorizing resolution, as " an honorarium " clearly indicated the intention of the corporation to make a gift. Comparable considerations were the basis of the decision in *Lunsford* v. *Commissioner*, 62 Fed. (2d) 741. Cf. *Bass* v. *Hawley*, 62 Fed. (2d) 721; *Noel* v. *Parrott*, 15 Fed. (2d) 669; *Arnold J. Mount*, 10 B.T.A. 1156; *Willis L. Garey*, 16 B.T.A. 274.

Though we do not deem it necessary to enter into a discussion of the matter, we may call attention to the implications arising from the fact that corporation directors have been held to have no authority, without authorization of the stockholders, to make a gift. *Noel* v. *Parrott*, *supra*; *Fisher* v. *Commissioner*, *supra*.

We hold that the petitioner has failed to prove that the respondent was incorrect in his determination that the payment of $30,000 was additional compensation.

Reviewed by the Board.

*Decision will be entered for the respondent.*